UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ROSEMARY IDA MERGENTHALER,

              Plaintiff-Appellant,        MEMORANDUM & ORDER
                                           15-CV-05078(JS)
      -against-

KENNETH R. BARNARD, UNITED STATES
TRUSTEE, DEAN OSEKAVAGE,
MARK CUTHBERTSON

             Defendant-Appellees.
----------------------------------------X
APPEARANCES:
For Appellant:          Rosemary Ida Mergenthaler, pro se
                      3 Wood Edge Court
                      Water Mill, NY 11976


For Appellees:
Kenneth R. Bernard:    Gary F. Herbst, Esq.
                      Lamonica Herbst & Maniscalco, LLP
                      3305 Jerusalem Avenue
                      Wantagh, NY 11793

                      Robert Kenneth Barnard, Esq.
                      3305 Jerusalem Avenue, Suite 215
                      Wantagh, NY 11793


United States
Trustee:                Christine Black, Esq.
                      Office of the U.S. Trustee
                      560 Federal Plaza
                      Central Islip, NY 11572


Dean Osekavage:        Melissa Beth Levine, Esq.
                      Gold Benes LLP
                      1854 Bellmore Avenue
                      Bellmore, NY 11710


Mark A. Cuthbertson:   Mark A. Cuthbertson, Esq.
                      Law Offices of Mark A. Cuthbertson
                      434 New York Avenue
                      Huntington, NY 11743

SEYBERT, District Judge:

Pending before the Court is an appeal filed by Rosemary Ida Merganthaler ("Appellant") challenging a "so ordered" stipulation of settlement placed on the record in the United States Banktruptcy Court for the Eastern District of New York. For the reasons that follow, the appeal is DISMISSED.

<u>BACKGROUND</u>

A number of historical facts relevant to this appeal can be found in a prior order issued by this Court in a related bankruptcy appeal brought by Appellant's husband, Peter Mergenthaler ("Mr. Mergenthaler" and together with Appellant, "the Mergenthalers"). <u>See</u> <u>Mergenthaler v. Thaler</u>, No. 15-CV-02034 (E.D.N.Y April 29, 2015). The Court assumes familiarity with the prior history of this case and will only set forth those facts necessary to decide the narrow issue presented on appeal.

On March 25, 2014, Judge Arthur G. Pitts issued an order in New York State Supreme Court appointing Appellee Mark Cuthbertson ("Cuthbertson") as a receiver to sell Appellant's residence, located at 3 Wood Edge Court in Water Mill, New York (the "Property"), to satisfy a lien on the Property held by Appellant Dean Osekavage ("Osekavage"). (Mar. 25, 2014 Order, Docket Entry 18-2, at 1-11.) Cuthbertson also brought a separate holdover action in the Southampton Town Justice Court and obtained a Judgment of Possession and Warrant of Eviction against the

2

Mergenthalers.  (See Judgment of Possession, Docket Entry 18-2, at 13; Warrant of Eviction, Docket Entry 18-2, at 14.)

Appellant filed for bankruptcy protection on May 11, 2015 and her case was assigned to Judge Robert E. Grossman.  (Aug. 31, 2015 Order, Docket Entry 18-1, at 1.)  Cuthbertson and Osekavage subsequently submitted a joint motion to Judge Grossman requesting relief from the automatic stay in order to sell the Property, and the motion was granted following a hearing on June 8, 2015 (the "Lift Stay Order"). (See Aug. 31, 2015 Order at 2.)

On August 13, 2015, Appellant filed a proposed order to show cause in the matter of Rosemary Mergenthaler v. Mark A. Cuthbertson, R. Kenneth Barnard, Bank of New York Mellon, 15-CV-4697 (the "District Court Matter").  (See Aug. 31, 2015 Order at 2.)  The order to show cause was labeled "Why an Order Directing Defendant Mark A. Cuthbertson to Immediately Discontinue his Unlawful Process of Evicting Plaintiff from Her House Under False Pretenses [should] Not be Granted."  (Aug. 31, 2015 Order at 2.) Judge Bianco, who was assigned to the District Court Matter, referred the motion to the Bankruptcy Court and dismissed the District Court Matter.  (See Aug. 31, 2015 Order at 3.)

On August 13, 2015, Judge Grossman issued an order staying execution of the Warrant of Eviction and scheduling a hearing on Appellant's order to show cause for August 17, 2015. (See Aug. 31, 2015 Order at 3.)  Cuthbertson and Osekavage then

filed a cross-motion seeking to clarify whether the Lift Stay Order re-activated Cuthbertson's receivership over the Property. (See Aug. 31, 2015 Order at 3.)

Judge Grossman held oral argument on both motions on August 17, 2015. (See Aug. 17, 2015 Hr'g Tr. ("Hr'g Tr."), Docket Entry 2, Ex. 2.) Alan Stein, Esq. appeared at the hearing as Appellant's attorney and Melisa Levine, Esq. appeared on behalf of Osekavage. (Hr'g Tr. 3.) Numerous issues were discussed at the hearing, including the following points: (1) the fact that the Mergenthalers have filed multiple unsuccessful lawsuits in the Eastern District of New York and in other courts related to the Property; (2) evidence that Mergenthalers used a disbarred lawyer to write legal papers on their behalf in exchange for a percentage of the Property; and (3) Judge Grossman's concern that one or both of the Mergenthalers failed to list all of their assets in their separately filed bankruptcy petitions. (See Hr'g Tr. 6, 8-10.)

During the hearing, Judge Grossman raised the possibility that he could allow the Warrant of Eviction to be executed, and Appellant's counsel responded that his client had "no place to go" until September 15, 2015. (See Hr'g Tr. 20.) Judge Grossman then suggested that the parties stipulate to allow the Appellant to stay in possession of the Property until September 14, 2015, in exchange for her agreement to vacate the Property after that date. (See Hr'g Tr. 20.) Judge Grossman indicated

that he was prepared to issue an order resolving the parties'
motions, but also made clear that he favored allowing the parties
to settle the issues on their own by stipulation.  (See Hr'g Tr.
22.)  Judge Grossman also provided the parties with some indication
of how he could ultimately rule, stating, "I can order that they
get out, and I can order that if they're not out they're in contempt
of Court and may be arrested."  (Hr'g Tr. 22.)  Later, Judge
Grossman also stated "[t]hey'll either be out of this house by
September 14, or if we have to go through the rest of this hearing,
sooner."  (Hr'g Tr. 24.)  However, Judge Grossman also explained
that the parties would need to consult with their attorneys before
they entered into any stipulation.  (See Hr'g Tr. 23.)

After a short break in the proceedings, the parties
reached an agreement regarding the motions pending before the
Bankruptcy Court and that agreement was read into the record.  The
parties specifically agreed that: (1) the Appellant would withdraw
her order to show cause; (2) Cuthbertson would remain the receiver
of the property as of June 8, 2015 and would have the authority to
"execute on the judgment of possession and warrant of eviction
issued by the Southampton Justice Court"; (3) the Mergenthalers
could remain in possession of the Property until no later than
4:00 p.m. on September 15, 2015, but would be subject to contempt
of Court and arrest if they failed to vacate the Property; (4) the
receiver would be permitted to enter a judgment in the sum of

$10,000 in a related state court action, which would be "credited towards the additional proceeds of the sale of the real property"; and (5) the Mergenthalers would be "subject to eviction" and "responsible for all costs associated with such eviction." (Hr'g Tr. 25-27.)

Throughout the hearing, the Mergenthalers were represented by Mr. Stein, and after the stipulated agreement was read into the record, Judge Grossman confirmed that both Mergenthalers understood its terms. (See Hr'g Tr. 25.) Specifically, the following exchange took place on the record:

> THE COURT: Okay. Mr. and Mrs. Mergenthaler, you've heard that your counsel has put on the record? Can you please stand, sir? Both of you. You both heard what counsel has put on the record?
>
> MS. MERGENTHALER: Yes.
> MR. MERGENTHALER: Yes.
>
> THE COURT: Is there anything, if I called you to testify to, you would testify differently than that he has put on the record?
>
> MR. MERGENTHALER: No.
> MS. MERGENTHALER: No.
>
> THE COURT: Do you understand all the parameters of this agreement, which includes that if you fail to honor this, this Court will order your incarceration?
>
> MR. MERGENTHALER: Yes.
> MS. MERGENTHALER: Yes.
>
> THE COURT: All right. Who's going to write it up and submit it?

(Hr'g Tr. 28-29.)  Following the hearing, Judge Grossman signed a formal order memorializing the terms that the parties agreed to on the record.  (See Aug. 31, 2015 Order.)

Appellant filed this appeal on August 31, 2015 objecting to the stipulated agreement placed on the record.  (See Notice of Appeal at 1.)  Although Appellant advances a number of arguments in support her appeal, in light of the fact that Appellant and her husband entered into an agreement in open court, the only relevant issue is whether the agreement placed on the record is enforceable.

DISCUSSION

Appellant claims that the stipulation that was read into the record on August 17, 2015 was unenforceable because Judge Grossman coerced the Mergenthalers into agreeing to its terms. (Appellant's Br. at 7.)

Stipulations entered into orally in open court are generally enforceable unless they were the product of "fraud, collusion, mistake, or duress."  Duran v. J.C. Refinishing Contracting Corp., 421 F. App'x 20, 21 (2d Cir. 2011); see Powell v. Omnicom, 497 F.3d 124, 129 (2d Cir. 2007) ("Parties may enter into a binding contract orally, and the intention to commit an agreement to writing, standing alone, will not prevent contract formation.")  Moreover, an agreement placed on the record "remains binding even if a party has a change of heart between the time he agreed to the [agreement] and the time those terms are reduced to

7

writing." Id. Thus, courts have determined that oral settlement agreements placed on the record are "enforceable where plaintiff is represented by counsel at the proceeding and also understood and agreed to the terms of the stipulation in the absence of economic duress and fraud." Penn Columbia Corp. v. Cemco Res., Inc., No. 88-CV-0667, 1990 WL 6555, at *2 (S.D.N.Y. Jan. 22, 1990); see Katel Liab. Co. v. AT&T Corp., 607 F.3d 60, 65-66 (2d Cir. 2010) ("[A] stipulation is generally binding on parties that have legal capacity to negotiate, do in fact freely negotiate their agreement and either reduce their stipulation to a properly subscribed writing or enter the stipulation orally on the record in open court.") (quoting McCoy v. Feinman, 99 N.Y.2d 295, 302, 755 N.Y.S.2d 693, 785 N.E.2d 714 (N.Y. 2002)). Moreover, "contentions that a party felt pressured by the court" are typically insufficient to establish that an agreement was entered into under duress. Shuler v. Dupree, 14 A.D.3d 548, 549, 789 N.Y.S.2d 197, 197 (2d Dep't 2005); Duran 421 F. App'x at 21-22 (finding that the record did not support Plaintiff's contention that he was pressured to settle by the court).

Contrary to Appellant's claim, the stipulation read into the record on August 17, 2015 in this case was not the product of duress. Both parties were represented by counsel and freely agreed to its terms. Although Judge Grossman strongly indicated that he preferred the parties resolve their pending motions by

stipulation, he did not order the parties to enter into a stipulation. In fact, he instructed the parties' lawyers to counsel their clients about the implications of a stipulation and gave the parties time to negotiate off the record. In addition, after the terms of the stipulation were placed on the record, both Mergenthalers confirmed that they understood and agreed with its terms. Thus, the hearing transcript does not support Appellant's argument that the stipulation was the product of duress by the Bankruptcy Court and this appeal is DISMISSED.

## CONCLUSION

For the foregoing reasons, Appellant's appeal is DISMISSED. The Clerk of the Court is directed to TERMINATE all pending motions in this action and mark the case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:    May 27, 2016
          Central Islip, New York